Fabricant, Judith, J.
INTRODUCTION
This action presents a dispute about alleged trade secrets related to an internet advertising campaign. Before the Court is the defendants’ motion to dismiss for improper venue. For the reasons that will be explained, the motion will be denied.
BACKGROUND
The plaintiffs complaint alleges, in substance, that the plaintiff hired and paid defendant Nathan Harris and his company, NPWS, Inc., to devise and manage the plaintiffs internet advertising campaign; that that process generated trade secrets belonging to the plaintiff, of which Harris had possession; and that Harris appropriated that information and sought to use it for *413 his own benefit and that of the plaintiffs competitors, particularly defendants Curtiss Weinstein and his company, Absolute Security, Inc. The complaint seeks both injunctive relief and damages.
Although the plaintiff, Harris, and NPWS are all located in Worcester County, and Weinstein and Absolute are located outside of Massachusetts, the plaintiff filed the action in Suffolk County, requesting and receiving assignment to the Business Litigation Session. The Court conducted a series of hearings on requests for preliminary injunctive relief, ordered expedited discovery, and scheduled a trial on the merits of the injunctive claims for February 7, 2008. Defendants Harris and NPWS then moved to dismiss for improper venue. The Court heard argument on the motion on December 17, 2007. At the time of the hearing, Weinstein and his company were newly joined in the action, and joined in the motion filed by the other defendants.
DISCUSSION
General Laws c. 223, §1, provides, with certain exceptions not relevant here, that “[a] transitory action shall, except as otherwise provided, if any one of the parties thereto lives in the commonwealth, be brought in the county where one of them lives or has his usual place of business.” Under that rule, venue for this action would be in Worcester County, and nowhere else.
A separate venue provision, however, appears in G.L.c. 93. Section 42 of c. 93 establishes the tort of misappropriation of trade secrets, authorizing liability for “all damages resulting therefrom,” as well as for treble damages. The next section, 42A, authorizes injunctive relief against such conduct. It provides in pertinent part: “Any aggrieved person may file a petition in equity in the supreme judicial court or in the superior court for the county in which either the petitioner or the respondent resides or transacts business, or in Suffolk County, to obtain appropriate injunctive relief...”
This action seeks injunctive relief, as expressly authorized by §42A, but also seeks damages. The question raised by the present motion is whether the inclusion of a claim for damages along with injunctive relief precludes the venue in Suffolk County that would otherwise be authorized by this statute. Defendants argue that it does. They suggest that plaintiff had the option of filing an action in Suffolk County limited to injunctive relief, or filing all its claims in Worcester County, but that it was not authorized to file both types of claims here. They contend, therefore, that the case must be dismissed.[1]
Neither the parties nor the Court has identified any case decided by any court addressing this question, nor is the Court aware of any pertinent legislative history. The Court infers that the purpose of the venue provision was to provide for prompt attention to requests to enjoin misappropriation of trade secrets, so as to minimize harm from such conduct; the legislature may have believed that the Superior Court would be better equipped to address time-sensitive matters relating to trade secrets in Suffolk County, where it has a large number of civil sessions, than in other counties, where it has fewer.[2]
Here, the Court has addressed requests for preliminary injunctive relief promptly, and has scheduled an expedited trial on the merits of the injunctive claim. This approach appears fully in accord with the apparent statutory purpose. Dismissal or transfer at this stage would derail that process. The Court cannot conclude that the legislature intended that result merely because the plaintiff included claims for damages in the complaint. After the injunctive claims are resolved on the merits, further proceedings may or may not be necessary on the damages claims. Further consideration of transfer may be appropriate at that stage, if defendants so request.[3]
CONCLUSION AND ORDER
For the reasons stated, the Defendants’ Motion to Dismiss for Improper Venue is DENIED.

As the Court advised counsel at argument, if it were to conclude that venue in Suffolk was improper, it would not dismiss the case at this stage, but would instead transfer it to Worcester pursuant to G.L.c. 223, §15.

he Massachusetts General Laws Annotated indicates that the statute was originally enacted in 1969, with a 1983 amendment adding its second paragraph, which addresses actions by former employers against former employees using trade secrets in competition in violation of written agreements.

The Court does not agree with the plaintiffs reading of G.L.c. 223, §8. Other than under c. 93, §42A, or any other statute governing specific types of actions, the plaintiff could sue or be sued only in a place where venue would lie for the particular action under c. 223, §1 — that is, where it or another party lives or transacts business.